IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
VELITA GLASGOW, Special      )
Administrator of the Estate  )
of Curtis Bradford,          )
                             )
            Plaintiff,       )        8:14CV394
                             )
      v.                     )
                             )
STATE OF NEBRASKA; DEPARTMENT)        MEMORANDUM OPINION
OF CORRECTIONAL SERVICES;    )
ROBERT HOUSTON, Retired      )
Director, Department of      )
Correctional Services, in his)
official and individual      )
capacities; DR. CAMERON WHITE,)
Behavioral Health            )
Administrator for the        )
Department of  Correctional  )
Services, in his official    )
and individual capacities;   )
CORRECT CARE SOLUTIONS;      )
DR. RANDY KOHL, in his       )
official and individual      )
capacities, CITY OF OMAHA,   )
JOHN DOE 1-100, and COUNTY   )
OF DOUGLAS, JOHN DOE 1-100,  )
                             )
            Defendants.      )
_____)
```

This matter is before the Court on defendants' three motions to dismiss plaintiff's complaint (Filing No. 4, Filing No. 7, and Filing No. 9), and on plaintiff's motion to remand the case to state court (Filing No. 18). Plaintiff has filed two complaints, one in federal court (8:14CV244, hereinafter "the Federal Complaint") and one in state court (8:14CV394,

hereinafter, "the State Complaint").  The complaints are substantially identical.  The Federal Complaint was filed in this Court.  The defendants removed the State Complaint to federal court and the State Complaint was assigned to the same Judge.

The defendants moved to dismiss the State Complaint on the grounds that it is duplicative.  Redundant and duplicative lawsuits are disfavored.  *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (stating that "the general principle is to avoid duplicative litigation" when federal district courts contemporaneously exercise jurisdiction over identical litigation); *Missouri* ex rel. *Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953 (8th Cir. 2001) ("Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time.").

The plaintiff seeks to proceed with this case, amend the complaint, or to have the case remanded to state court.  The Court will not allow the case to proceed in its current form while an identical case exists.  The plaintiff can request leave to amend the Federal Complaint, so there is no injustice if the State Complaint is dismissed.

Finally, the plaintiff argues for remand to state court. The principles for concurrent jurisdiction differ as among only federal courts and as among both state and federal courts. The general principle is that duplicative cases should be avoided when identical cases appear in federal courts. *Colo. River Water Conservation Dist.*, 424 U.S. at 817.

The State Complaint contains questions of federal law which can be adequately addressed in the Federal Complaint. The Federal Complaint can be amended, if necessary. For the forgoing reasons, the Court will grant defendants' motions to dismiss the State complaint and will deny plaintiff's motion to remand. A separate order will be entered in accordance with this memorandum opinion.

DATED this 16th day of January, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court